**Sengendo KAGGWA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General of the United States, Respondent.**

No. 10–1787.

United States Court of Appeals, Eighth Circuit.

Submitted: Feb. 14, 2011.

Filed: March 31, 2011.

Before SMITH, GRUENDER, and
BENTON, Circuit Judges.

PER CURIAM.

Sengendo Stephen Kaggwa, a Ugandan
national, filed a Petition to Remove Condi-
tions on Residence ("Form I–751"). Alter-
natively, he requested voluntary depar-
ture. Both were administratively denied.
We deny the petition for review in part
and dismiss in part.

Kaggwa came to the United States in
October 2002, shortly after the death of his
first wife. The next month, he married
Theresa Nakyanzi Senungi, a United
States citizen. Due to the marriage,
Kaggwa received a conditional adjustment
of status. About two years later, he was
required to reapply to make his resident
status permanent. He missed his sched-
uled interview with the Department of
Homeland Security. The government ini-
tiated removal proceedings. The Immi-
gration Judge ("IJ") found that Kaggwa
had married primarily for immigration
reasons, so was ineligible for a permanent
adjustment of status. The IJ denied vol-
untary departure and ordered him re-

moved from the United States. The
Board of Immigration Appeals ("BIA")
dismissed his appeal.

To the extent Kaggwa challenges
the denial of status adjustment based on
the marriage finding, we have jurisdiction
under 8 U.S.C. § 1252(a)(1). Factual find-
ings are affirmed "unless 'any reasonable
adjudicator would be compelled to con-
clude to the contrary.'" *Hassen v. Muka-
sey,* 534 F.3d 927, 928 (8th Cir.2008)
(quoting 8 U.S.C. § 1252(b)(4)(B)) (further
citation omitted). "When the BIA has
adopted and affirmed the IJ's adverse
credibility determination, we defer to
those findings if 'supported by specific,
cogent reasons for disbelief.'" *Osonowo v.
Mukasey,* 521 F.3d 922, 927 (8th Cir.2008)
(quoting *Onsongo v. Gonzales,* 457 F.3d
849, 852 (8th Cir.2006)).

In analyzing Kaggwa's reasons for mar-
rying, the IJ relied on 8 U.S.C.
§ 1186a(c)(4), which governs hardship
waivers for aliens failing to meet certain
conditions for adjustment of status. As
the BIA recognized, Kaggwa does not
show he requested a hardship waiver; the
proper reference point is 8 U.S.C.
§ 1186a(d)(1)(A)(i)(III), which lays out the
facts required for a Form I–751. The IJ
analyzed the facts of Kaggwa's marriage to
Senungi and found that "there is substan-
tial evidence to indicate that [he] entered
into his marriage primarily for the purpose
of obtaining immigration benefits." Al-
though the IJ cited § 1186a(c)(4), this find-
ing adequately connects the IJ's decision
to the proper subsection.

The IJ's conclusion on the marriage
hinged on credibility. The IJ cited several
grounds, including material inconsistencies
between the testimony of Kaggwa and
Senungi. For instance, Kaggwa claimed
not to have known Senungi in Uganda; he
stated that they first met and became ro-
mantically involved in 2002 in the United

States. Senungi testified that she knew him before 2002, having seen him several times in Uganda in the 1990s. She also stated they became romantically involved in 1999 or 2000. Further, the IJ found that Kaggwa's "decision to marry his current wife on November 24, 2002, just a few weeks after the death of his first wife and his arrival into the U.S., raises suspicion regarding the true nature and intent of his relationship with his current wife." These specific, cogent reasons adequately support the denial of status adjustment.[1]

■ Kaggwa also challenges the discretionary denial of voluntary departure. We lack jurisdiction over this issue unless Kaggwa raises "a colorable constitutional claim or question of law." *Garcia–Aguillon v. Mukasey*, 524 F.3d 848, 849 (8th Cir.2008) (citations omitted). *See also* 8 U.S.C. § 1229c(f). His voluntary-departure point rests on the same argument he directs against the denial of his Form I–751, which at most is "a challenge to the IJ's discretionary and fact-finding exercises cloaked as a question of law." *Garcia–Aguillon*, 524 F.3d at 850. We accordingly dismiss Kaggwa's voluntary departure point for lack of jurisdiction.

\*        \*        \*        \*        \*        \*

The petition for review is denied in part and dismissed in part.

---

**1.** The IJ also premised the credibility finding on Kaggwa's demeanor. While the BIA did not adopt the demeanor findings, the other grounds independently support the IJ's conclusion.